UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV 10-04872-VBF-E | Dated: | September 25, 2013 |

Title: *Terrance Steele Jr., Petitioner v. Kelly Harrington (Warden), Respondent*

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Linda Kanter | N/A |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER | ATTORNEYS PRESENT FOR RESPONDENT |
|---|---|
| N/A | N/A |

PROCEEDINGS (IN CHAMBERS):     ORDER  (1)  Overruling Petitioner's Objections;
                                      (2)  Adopting Report & Recommendation;
                                      (3)  Denying the Petition for Lack of Merit;
                                      (4)  Denying a Certificate of Appealability

For the reasons that follow, the Court will overrule petitioner's objections and adopt Magistrate Judge Rosenberg's well-reasoned Report and Recommendation ("R&R") in its entirety. As recommended, the Court will deny the section 2254 habeas corpus petition for lack of merit, direct the entry of final judgment in favor of the respondent, and decline to issue a certificate of appealability.

**Ground 1,** *Miranda* **Claim.** Petitioner first objects to the conclusion that he was not in custody during the March 2003 interview, *see* Objs. at 1-2. It is unnecessary to address this objection because, even assuming *arguendo* that petitioner was in custody during the March 2003 interview, the state court did not violate any U.S. Supreme Court precedent in determining that petitioner was properly *Mirandized* and that his statements to the police during that interview were not rendered involuntary by coercion or undue pressure. Petitioner also objects

to the conclusion that his statements to police on March 13, 2003 and June 2004 interviews were voluntary, *see* Objs. at 2-3 and 3-7, but he fails to identify any *U.S. Supreme Court holding* which he believes was violated by the state court finding those statements voluntary. *Cf. Wood v. Hall*, 2012 WL 1035723, *2 (N.D. Ohio Mar. 27, 2012) (adopting R&R and dismissing § 2254 petition) ("Although Wood disputes this conclusion . . . , insinuating that his co-counsel's inaction is sufficient to establish the second prong in the presumption of prejudice test, he fails to identify any clearly established federal law, as determined by the Supreme Court, that the Ohio appellate court contradicted or unreasonably applied in rejecting this argument.").

**Ground 2, Exclusion of Expert Testimony.** Petitioner objects to the rejection of his claim that the trial court violates his constitutional rights by refusing to allow his expert to discuss the techniques the police used during his interviews and explain how those techniques could have led petitioner to make unreliable, false statements, *see* Objs. at 7-8. The objection is deficient in two ways. First, it is conclusory, falling short of the requirement that "[a]n objection to the R&R . . . identify something wrong with the R&R, either something in the R&R that should be different, or something omitted from the R&R that should have been included." *Snipes v. Tilton*, 2011 WL 766599, *3 (S.D. Cal. Feb. 25, 2011). *See id.* at 8 ("The petitioner listed several factors to show coercion, pressure and a[n] implied promise of leniency (at pp 7-14 of the Traverse)[.]"); *cf. Pember v. Ryan*, 2012 WL 4747171, *3 (D. Ariz. Oct. 4, 2012) ("While Petitioner objects to the Magistrate Judge's determination that Petitioner cannot make this showing, Petitioner fails to support his objection with anything beyond his conclusory allegation that he was found guilty based on perjured testimony and a conspiracy . . . ."); *Swain v. Small*, 2012 WL 4461492, *1 (C.D. Cal. Sept. 26, 2012) ("The objections are conclusory and do not show that any of the findings and conclusions in the R&R are erroneous.").

Second, the objection regarding exclusion of expert testimony merely refers back to briefs petitioner filed before the issuance of the R&R. A party is not permitted to lodge an "objection" by incorporating-by-reference the arguments made or authorities cited in some previous filing. Under Federal Rule of Civil Procedure 10(c), parties may incorporate by reference only pleadings or exhibits to pleadings, *see Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996); *accord Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002), and Fed. R. Civ. P. 7 defines pleading to include only a complaint, an answer, and any court-ordered reply to an answer, not briefs supporting or opposing a motion or any other filing. As a sister court recently stated,

> If a party has objections to a R&R, those specific objections must be filed in writing explaining why the R&R is flawed. Petitioner's objections merely incorporate the same arguments he made in his original petition and reply. [The] Magistrate Judge . . . has already addressed the issues raised in the petition. * * * As such, the Court will deem Petitioner's objections, which are mere recitations of earlier arguments, ineffective.

*Harden v. Ryan*, 2013 WL 1908352, *1 (D. Ariz. May 7, 2013) (citing Fed. R. Civ. P. 72(b)(2) (stating that a district judge "shall make a de novo determination . . . of any portion of the magistrate's disposition to which *specific written objection* has been made")) (emphasis in *Harden*); *see also Sam K. v. Hawaii Dep't of Ed.*, 2013 WL 3071317, *6 (D. Haw. June 17, 2013) ("There is no authority for the DOE's attempt to incorporate prior briefing instead of explaining its arguments in the Objection.") (citing *Roth v. Meridian Fin. Network, Inc.*, 2008 WL 3850478, *2 (D. Haw. Aug. 19, 2008)). Thus, petitioner's objections on Ground 2 likewise fail to identify any Supreme Court holding which the California appellate court contradicted or unreasonably applied.

**Ground 3, Disclosure of Evidence**. Petitioner next objects to conclusion that the state appellate court did not err in holding that the prosecution's failure to preserve his March 13, 2003 police interview tape was not unconstitutional. He contends that "[t]he 3-13-03 tape had significant value given the uncertain recollection of the interview between both detectives." Objs. at 8. In response to "[t]he detectives['] claim[] that the tape malfunctioned due to low batteries", petitioner alleges that the "tape was ultimately destroyed instead of preserv[ed] to exhibit the alleged flaws and try to rescue or resuscitate on their behalf as well as the defense counsel. (recorded over) [sic]. *Id.* (citing Pet. at 35 and 2 RT 304-306). As for the Baker tape from her March 26, 2003 interview, petitioner asserts that Baker's testimony confirmed the tape had exculpatory value because it would show Baker told police she did not have a clue who shot Jackson and her statements show that her later statement tending to inculpate petitioner was made because she "did not want the petitioner to come home and be with his daughter." Objs. at 8-9. These objections, however, fail to explain how any Supreme Court holding was offended by the state court's rejection of these *Brady* / *Trombetta* claims.

Finally on Ground 3, petitioner makes a less than clear objection as to the tape of the Taylor interview:

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk ___Lk___

-3-

> [D]espite what information was or was not contained, the tapes was [sic] requested via discovery and was not turned over at the time of the request in violation of *Brady*, although, the notion that the Court found it very implausible that the defendant would not have, and did not, investigate whether the other individuals were the ones responsible for the murder, there was other evidence contained in the transcription that held an exculpatory value such as Theresa Taylor speaking with Roshanda Baker on the night of the crime.

**But petitioner fails to specify where the Supreme Court has held that failure to produce *Brady* material right after the request violates the Constitution.** On the contrary, "as a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001); *accord United States v. Lowery*, 284 F. App'x 64, 69 (4th Cir. 2008) ("[T]here is not a hard and fast deadline for disclosing *Brady* material . . . ."); *United States v. Mix*, 2013 WL 4780091, *2 (E.D. La. Sept. 5, 2013) ("[N]either the federal rules of criminal procedure nor case law establish[es] a specific pre-trial deadline for disclosing *Brady* material."); *United States v. Williams*, 2013 WL 4510579, *2 (D. Haw. Aug. 22, 2013) ("Defendant also seeks to have the government produce all *Brady* material no later than thirty days prior to her testimony, but *Brady* requires no such deadline.").

**Petitioner also fails to quote, provide a transcript citation for, or at least describe the allegedly exculpatory material contained in "Taylor speaking with Roshanda Baker on the night of the crime."** This objection, then, does not undermine the Magistrate's reasoning and recommendations. *Cf. Bates v. Astrue*, 2011 WL 3502364, *2 (D. Nev. Aug. 10, 2011) ("The government then incorporates by reference its cross-motion . . . * * * The court declines the government's invitation to sift through these papers to discern the government's position, as this was the government's responsibility when it filed its opposition to plaintiff's fee application.").

**Ground 4, Pre-Arrest Delay**. Petitioner's objection also fails to identify any Supreme Court holding offended by the state court's rejection of the pre-arrest delay claim. Moreover, he fails to explain how "[t]he Roshanda Baker [tape] would not have went missing, and the real contents of her interview would have been exposed", Objections at 10, if he had been arrested soon after his March 13, 2003 interview rather than more than

a year later, let alone identify any evidence that he submitted to the state Court of Appeal in support of such a claim. Petitioner's concluding assertion that "there was no legitimate reason for the delay outside of dismantling the defense[']s ability to confront the detectives['] misconduct" is not an argument that some Supreme Court holding was contradicted or unreasonably applied by the Court of Appeal's rejection of this claim.

**Petitioner's objection on Ground 5, Limited Cross-Examination, is conclusory** and identifies no defect in the Magistrate's reasoning and no Supreme Court holding that was offended by the California court' of Appeal's rejection of this claim. *See* Objections at 11 (stating, in its entirety, "The detectives['] credibility was in question due to the numerous losses of key evidence i.e., multiple tapes (interview tapes) as discussed in the traverse (at pp 16-21) and the effective impeachment of McCormack was critical because the prosecution's case was based largely on Detective McCormack and Holyfield and given their inconsistent testimonies through the trial the petitioner was prejudiced by this limitation."). As noted above, the Magistrate rightly notes (R&R at 32-33) that (1) the prosecution's case rested also on Baker's testimony, ballistics evidence, and testimony that petitioner hid the gun used to kill Jackson, and (2) McCormack's credibility would have been relevant only for the March 2003 interview, for which there was no tape, but not relevant to June 2004 interview, for which a tape existed and thus the jury's ability to assess the latter interview was not based on either detective's credibility.

**Petitioner's objection on Ground 6, Prosecutorial Misconduct**, adds nothing to his prior briefs:

> The prosecutor[']s comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. By calling to the attention of the jury about a 3[-]year[-]old kid getting killed by a stray bullet, [he] appealed to the passion of the jury. 1. The petitioner is already prejudiced by being a gang member. 2. Who wouldn't sympathize with a 3[-]year[-]old getting killed by gang violence. 3. The prosecutor strategically incorporated that argument for that [e]ffect.
>
> As for the other form of misconduct the prosecutor criticized defense counsel for selectively highlighting key flaws within the evidence, which gave the jury the impression that defense counsel was doing something wrong.

> The final form of misconduct was committed when the prosecutor made a statement in regards [sic] to the petitioner not testifying, *see* p. 26 of the Traverse[.]  * * *

Objs. at 11-12 (final ¶break added).  Petitioner again identifies no Supreme Court holding that was offended by the state court's rejection of the prosecutorial-misconduct claim as to each of these three instances.

**Petitioner's four-sentence objection on Ground 7, Judicial Misconduct**, is conclusory and unsupported by citation to Supreme Court precedent, *see* Objs. at 12.  **Petitioner's objections on Grounds 8 and 9, both Instructional Error**, are likewise unsupported by citation to Supreme Court precedent, merely repeating earlier arguments in condensed form.  *See* Objs. at 12-13 (challenging CALCRIM Nos. 20, 222, and 226).  As to CALCRIM No. 226, petitioner apparently is arguing that telling a jury to use common sense and experience to decide whether testimony is true automatically results in jurors concluding that all police testimony is credible – credible both in absolute terms and relative to defense counsel.  He presents no Supreme Court authority in support of this unusual proposition as required by 28 U.S.C. § 2254(d).  *See Smith v. Tilton*, 2012 WL 1205106, *16 (C.D. Cal. Mar. 29, 2012) ("The Court is aware of no clearly established Supreme Court precedent that holds that instructing a jury to use common sense in evaluating the credibility of witnesses violates any constitutional right.  * * *  The absence of such precedent requires a denial of habeas relief here."), *R&R adopted*, 2012 WL 1204452 (C.D. Cal. Apr. 10, 2012).

**Petitioner's three-sentence objection on Ground 10, False Evidence**, is conclusory and unsupported by citation to or discussion of case law.  Petitioner asserts that "(2) different theories as to the petitioner[']s involvements [sic] was presented to the jury, and a total of (3) was presented to the district attorney[']s office at the time of filing", Objs. at 13, but he fails to explain what those theories were, fails to cite the trial transcript or other documentary evidence to substantiate this claim, and fails to show how this alleged presentation of different theories renders the state court's rejection of this claim inconsistent with Supreme Court precedent.

**Finally, petitioner's three-sentence objection on Ground 11, Cumulative Error**, is likewise conclusory and unsupported by citation to or discussion of case law. *See* Objections at 14-15 ("The petitioner listed several trial violation[s] of due process which rendered the trial fundamentally unfair. The courts must consider and analyze each claim separately to determine if counsel was deficient. The petitioner argues that an evidentiary hearing should be granted to properly weigh the evidence presented herein [with] this petition.").

### PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA, an appeal may not be taken from a final decision of a district judge in a proceeding under 28 U.S.C. § 2254 or § 2255. The court considers each claim separately, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (citation omitted). In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)). A COA may issue only if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *See Henry v. Ryan*, 720 F.3d 1073, 1085 (9th Cir. 2013) (citing, *inter alia*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the petitioner's favor'", *Romero v. Lewis*, No. CV 5:11-01426, Doc 28 at 3 (C.D. Cal. Sept. 13, 2013) (Fairbank, J.) (quoting *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2012)), but no such doubt exists here. **Reasonable jurists would not find it debateable that the California Court of Appeal did not rule contrary to or unreasonably apply Supreme Court precedent in rejecting these claims**. None of petitioner's claims is "adequate to deserve encouragement to proceed further", *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).

### ORDER

Petitioner's objections to the Report and Recommendation **[Doc #33] are OVERRULED**.

The Report and Recommendation **[Doc # 31] is adopted**.

The 28 U.S.C. § 2254 habeas corpus petition **[Doc # 1]  is denied**.

A Certificate of Appealability is **DENIED**.[1]  This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[2]

As required by FED. R. CIV. P. 58(a)(1), final judgment will be issued as a separate document.[3]

IT IS SO ORDERED.

---

[1] "Although a litigant may ask a district court to reconsider its denial of a COA, *see, e.g., Ho v. Carey*, 332 F.3d 587, 590 (9th Cir. 2003), 'the denial of a COA is not in itself appealable' to the Court of Appeals." *Romero*, No. CV 5:11-01426 Doc 28 (slip op.) at 3 n.3 (Fairbank, J.) (quoting *Cannan v. Hutchens*, 479 F. App'x 756 (9th Cir. 2012) (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1272 (9th Cir. 1997) (p.c.), *abrogation o.g. recog'd by Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005))). *Accord Stevens v. Curtis*, 2010 WL 2651592, *7 n.3 (W.D. Mich. June 30, 2010) (Maloney, C.J.) (citations omitted)).

[2] *See Korn v. United States*, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012)); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies a COA, applicant may request a COA from circuit).

[3] *See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Fairbank, J.) (citing, *inter alia*, *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)).  *Accord In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008) ("A combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.").